NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
SEP 11 2017
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

LM INSURANCE CORP.,

    Plaintiff,

v.

JAMALI DEVELOPERS, LLC,

    Defendant.

Civ. No. 16-06071

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court on a Motion for Default Judgment by Plaintiff LM Insurance Corporation ("Plaintiff") against Defendant Jamali Developers, LLC ("Defendant"). Defendant has not formally opposed this motion. The Court has decided this motion based upon the written submissions of the parties pursuant to Local Civil Rule 78.1(b).

## BACKGROUND

This case is a claim for payment of insurance premiums for the value of workers compensation and employer's liability insurance provided by Plaintiff to Defendant through the New Jersey Workers Compensation Plan administered by the New Jersey Compensation Rating and Inspection Bureau. (*See* Compl., ECF No. 1.) Defendant was successfully served on October 18, 2016 with an answer due November 8, 2016. (ECF No. 3.) The Clerk of the Court entered default against Defendant on December 28, 2016. Following discovery Plaintiff filed a Motion for Default Judgment on May 31, 2017. (ECF No. 16.) On June 5, 2017, Mr. Hussain Burhanpurwala, the sole member of Defendant Jamali Developers, LLC, (Compl. ¶ 3) wrote a letter to Magistrate Judge Bongiovanni requesting an extension of time in order to hire defense

1

counsel and prepare counter-calculations to Plaintiff's premium calculations. The Court approved this request on June 8, 2017. (Letter Order Resetting Deadlines, ECF No. 17.) In lieu of an opposition brief, Mr. Burhanpurwala sent another letter to Judge Bongiovanni on July 24, 2017, refuting Plaintiff's calculations and providing Defendant's organizational chart. Plaintiff included this letter as an exhibit to its Brief in Support of its Motion for Default Judgment on July 31, 2017. (ECF No. 18.)

## DISCUSSION

### I.      Default Judgment

A. Legal Standard

Under Federal Rule of Civil Procedure 55, following the entry of default by the Clerk of the Court, default judgment may be entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). A party who has made a proper showing under Rule 55 is not entitled to default judgment as of right; the entry of default is left to the district court's discretion. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984); *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984). "Default judgment is permissible only if plaintiff's factual allegations establish a right to the requested relief." *Eastern Constr. & Elec., Inc. v. Universe Techs., Inc.*, 2011 WL 53185, at *3 (D.N.J. Jan. 6, 2011).

The court is to consider three factors in deciding whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct," taken willfully and in bad faith. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). The Third Circuit has cautioned that default judgment is a sanction of last resort—cases are more

2

appropriately decided on their merits where practicable. *See Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 51 (3d Cir. 2003); *Hritz*, 732 F.2d at 1181.

B. Analysis

*1. Defendant's Appearances and Representation*

First, Plaintiff argues that it is entitled to Default Judgment because Defendant has not filed any opposition to this case that the Court can legally recognize. (Pl.'s Mot. for Default Judgment at 4–5, ECF No. 16.) The Third Circuit has unequivocally taken the position that, like corporations, Limited Liability Companies ("LLCs" or "LLC"), including single-member LLCs, must be represented by licensed counsel when appearing in federal court. *Doughterty v. Snyder*, 496 F. App'x 71, 72 (3d Cir. 2012) (per curiam) ("[E]ven single-member LLCs have a legal identity separate from their members."); *In re 69 North Franklin Turnpike, LLC*, 2017 WL 3263525, at *2 (3d Cir. Aug. 1, 2017) (finding district court did not err in dismissing notice of appeal when defendant LLC wrongfully continued to make representations before district court and Third Circuit pro se). Because a corporate defendant or LLC cannot stand before the court pro se, failure to obtain counsel pursuant to a court order to do so is a failure to defend itself, thus warranting default judgment. *Mendelsohn, Drucker, & Assoc., P.C. v. Titan Atlas Mfr., Inc.*, 2013 WL 1842124, at *5 (E.D. Pa. May 2, 2013) (citing *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 918 (3d Cir. 1992)); *see also Falato v. Fotografixusa, LLC*, 2013 WL 387260, at *1 (D.N.J. July 25, 2013) (granting default judgment proper where defendant LLC had no licensed counsel after magistrate entered default for its failure to seek new counsel); *BP Products N.A. Inc. v. Top Speed Gas, LLC*, 2008 WL 4724006, at *5–6 (D.N.J. Oct. 23, 2008) (granting default judgment against defendant LLC after magistrate warned individual representative of LLC twice that default would result if not represented).

3

Here, Defendant has not made any official appearance before the Court. Its sole member, Mr. Burhanpurwala, has sent two letters to the Court on its behalf. Mr. Burhanpurwala's first letter dated June 5, 2017 to Magistrate Judge Bongiovanni indicated his intent to seek defense counsel and present counter-calculations to Plaintiff's exhibits, in response to which Judge Bongiovanni extended the deadlines for Plaintiff's Motion for Default Judgment, noting that the extension "should afford Defendant ample time to retain counsel and/or to resolve this motion." (ECF No. 17.) This raised a presumption that Defendant would obtain counsel prior to any additional representations to the Court. Mr. Burhanpurwala then sent a second letter dated July 24, 2017 with his counter-arguments and calculations, as well as Defendant's organizational chart. (Crump Decl. Support of Pl.'s Mot. Default J., Ex. A, ECF No. 18-3.) Neither letter was presented by licensed counsel, as there is nothing in the record to indicate Mr. Burhanpurwala is a licensed attorney qualified to represent his LLC in federal court. In light of these facts, these representations were inappropriately made *pro se*, and Plaintiff's motion is deemed unopposed. Respecting the Third Circuit's reticence towards default judgments, however, the Court will also weigh the other factors relevant to a default judgment analysis to determine whether it is warranted in the present case.

### 2. *Default Judgment Factors*

Because Defendant has not truly filed a responsive pleading, the Court will next apply each of the default judgment factors in turn.

First, Plaintiff argues that denial of this motion will leave it without remedy. (Pl.'s Mot. for Default J. at 6.) Prejudice refers to an impairment of a plaintiff's ability to pursue its claim. *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982). Although failure to file any responsive pleadings may leave a plaintiff without recourse on its claims, *United Comm., LLC v.*

4

*Hallowell Int'l, LLC*, 2012 WL 5880295 (D.N.J. Nov. 21, 2012), that is not clearly the case here. Defendant has made some representations to the Court. While not officially cognizable, they indicate Plaintiff's willingness to engage in dispute resolution. Denial of this motion may permit this case to reach disposition on the merits, through which Plaintiff may still succeed and receive compensation for its alleged damages.

Next, Defendant does not propose a meritorious defense. Whether defendant has a meritorious or litigable defense is considered one of the most important factors and should be regarded as a dispositive threshold issue. *Nat'l Specialty Insur. Co. v. Papa*, 2013 WL 1952151, at *2 (D.N.J. May 9, 2013); *see also $55,518.05 in U.S. Currency*, 728 F.2d at 195 ("This is a critical issue because without a meritorious defense [Defendant] could not win at trial. Therefore, there would be no point in setting aside the default judgment . . . ."). A meritorious defense is one that would constitute a complete defense at trial. *$55,518.05 in U.S. Currency*, 728 F.2d at 195; *Williams v. Zhou*, 2015 WL 4940817, at *1 (D.N.J. Aug. 19, 2015). Here, Plaintiff argues that Defendant has failed to comply with its policy requirements, provide an accounting, and pay the accurate insurance premiums for his workers compensation and employer liability insurance plan. (*See* Compl.) Mr. Burhanpurwala only asserts that Plaintiff made various errors—miscalculating its rates by including certain cash payments in his premium calculation and improperly classifying certain employees. (Crump Decl. Support of Mot. Default J., Ex. A, ECF No. 18-3.) But Plaintiff bases each calculation on New Jersey statutes found in the New Jersey Workers Compensation and Employers Liability Insurance Manual created by the Compensation Rating and Inspection Bureau. (Pl.'s Br. at 7–9, ECF No. 18; Crump Decl. Support of Mot. Default J., Exs. B, C, ECF Nos. 18-4, 18-5.) Given Plaintiff's statutory support and extensive calculations, Defendant fails to present a defense likely to succeed on the merits at trial.

5

Finally, Plaintiff asserts that Defendant acted culpably in causing this delay. Culpable conduct refers to "actions taken willfully or in bad faith," *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 124 (3d Cir. 1983), rising above the level of mere negligence, *Sourcecorp, Inc.*, 412 F. App'x at 460. As noted above, Plaintiff's exhibits demonstrate repeated advice to obtain defense counsel (Kuller Decl. Support of Mot. Default J., Exs. B, C, ECF No. 18-1), and Mr. Burhanpurwala represented to the Court that he intended to seek counsel—arguably the basis for his extension of time. Although the Court has not expressly directed Defendant to obtain counsel to justify default judgment alone, he has willfully caused delay in this case by failing to do so. Defendant actively neglected to obtain counsel, which is both relevant and persuasive in this analysis. On balance, the factors weigh in favor of default judgment for the Plaintiff.

## II. Damages

While the Court need not accept the plaintiff's allegations regarding damages as true, *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008), final judgment may be entered where damages are for a sum certain, Fed. R. Civ. Pro. 55(b)(2). Even where the damages are uncertain, the Court can award damages without a hearing where there is a specific basis for damages, *Malik v. Hannah*, 661 F. Supp. 2d 485, 493 (D.N.J. 2009), or "the amount claimed [is] capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits," *Bd. of Trustees of Operating Eng'r Local 825 Welfare Fund v. Robert Silagy Landscaping Inc.*, 2006 WL 3308578, at *4 (D.N.J. Nov. 13, 2006) (internal citations omitted).

Plaintiff has clearly articulated a sum certain for damages in the amount of $261,294.00, representing Defendant's outstanding premium balance owed. (Pl.'s Mot. Default J. at 2, ECF No. 16; Crump Decl. Support of Entry of Default ¶ 23, ECF No. 16-2.) Plaintiff provides

detailed rate sheets and calculations for each of Defendant's policies, providing the basis for its damages calculation. (Crump Decl., Ex. D, ECF No. 16-2.) Mr. Burhanpurwala asserts that Plaintiff miscalculated its rates by including certain cash payments in his premium calculation and improperly classifying certain employees. As the Court previously noted, Plaintiff's calculations are based on authoritative provisions in the New Jersey Workers Compensation and Employers Liability Insurance Manual. (Pl.'s Br. at 7–9; Crump Decl., Exs. B, C, ECF Nos. 18-3, 18-4.)

Plaintiff also requested "subsequent lawful interest" on its proposed award of damages, (Pl.'s Mot. Default J. at 2, ECF No. 16), which it later clarified to be a request for interest from the date of the entry of judgment at the statutory rate under 28 U.S.C. § 1961(a) (ECF No. 20.). The statute specifies that "interest shall be calculated . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield published by the Board of Governors of the Federal Reserve." 28 U.S.C. § 1961(a). The current weekly average 1-year constant maturity Treasury yield is 1.24%.[1] The Court finds this information sufficiently reliable as a basis for an initial award of damages with post-judgment interest at 1.24%.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion is granted. An appropriate order will follow.

Date: 9/11/17

*Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

---

[1] The Court bases its interest award on the weekly rate as of past Friday, September 1, 2017 pursuant to the Federal Reserve's daily H.15 Rate Chart. *Selected Interest Rates Daily - H.15*, Board of Governors of the Federal Reserve System, Federal Reserve, https://www.federalreserve.gov/releases/H15/ (last visited Sep. 5, 2017).

7