NOT FOR PUBLICATION

RECEIVED
JAN 09 2018
AT 8:30 _____
WILLIAM T. WALSH
CLERK

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LM INSURANCE CORP., | |
| Plaintiff, | |
| v. | Civ. No. 16-6071 |
| JAMALI DEVELOPERS, LLC, | **OPINION** |
| Defendant. | |

THOMPSON, U.S.D.J.

This matter comes before the Court upon the Motion to Enforce Judgment and for Contempt by Plaintiff LM Insurance Corporation ("Plaintiff") against Defendant Jamali Developers, LLC ("Defendant"), filed December 5, 2017. (ECF No. 23.) This Motion is unopposed. The Court has decided this Motion based upon the written submissions of Plaintiff pursuant to Local Civil Rule 78.1(b). For the following reasons, Plaintiff's Motion is denied.

## BACKGROUND

The Court granted default judgment in favor of Plaintiff on September 11, 2017 ("September 11th Order") and awarded judgment in the amount of $261,294.00 plus 1.24% post-judgment interest, to be paid within seven (7) days of the receipt of the Order. (ECF No. 22.) Defendant has received this Order and Opinion and has made subsequent representations to Magistrate Judge Bongiovanni of its intent to pay the judgment, accepting offers of assistance with a payment schedule. (Pl.'s Mot. Enforce J., Ex. J, ECF No. 23-12.) Defendant made additional communications to Judge Bongiovanni's chambers (*id.*), retained counsel, and participated in a telephone conference on October 10, 2017 during which the parties were

1

directed to provide a report on the liquidation of judgment no later than October 26, 2017 (ECF entry dated 10/10/2017). Defendant, however, has made no further communications.

On December 5, 2017, Plaintiff filed the present Motion to Enforce Judgment and for Contempt Pursuant to Federal Rule of Civil Procedure 70(e). (ECF No. 23.) Defendant has not replied or opposed. On December 20, 2017, Plaintiff also filed an application for a writ of execution pursuant to Federal Rule of Civil Procedure 69(a) with the Clerk of the Court in order to garnish property in which Plaintiff believes Defendant holds a substantial non-exempt interest. (ECF No. 24.)

## DISCUSSION

Plaintiff moves the Court for two forms of relief: to enforce the September 11th Order of Judgment and to hold Defendant in contempt under Rule 70(e).

Rule 70 is not the appropriate vehicle for the first form of relief that Plaintiff seeks. (Pl.'s Br. at 14, ECF No. 23-1 ("Plaintiff seeks an order directing Defendant to pay to the Court the sum of $261,294.00 and post-judgment interest . . . .").) "Rule 70 gives [courts] the authority to order a party who refuses to comply with a final judgment to perform specific acts necessary to effectuate the judgment." *United States v. Hull*, 2017 WL 5986961, at *1 (D.N.J. Nov. 30, 2017); Fed. R. Civ. P. 70(a). Despite Plaintiff's characterization regarding the seven day period, the September 11th Order did not truly require any specific act or conduct of Defendant and is more appropriately described as a money judgment. *See Henderson v. Mazurkiewicz*, 2015 WL 8152530, at *2 n.2 (M.D. Pa. Dec. 8, 2015); *Smith v. Hayes*, 2013 WL 543841, at *1 (S.D. Miss. Sept. 27, 2013); *Bd. of Comm'rs of Stark Cty. v. Cape Stone Works, Inc.*, 206 F. Supp. 2d 100, 102 (D. Mass. 2002). Pursuant to Rule 69(a), Plaintiff's already-filed application for writ of execution (ECF No. 24) is in fact the appropriate vehicle by which to *enforce* the Court's

September 11th Order. Fed. R. Civ. P. 69(a) ("A money judgment is enforced by a writ of execution, unless the court directs otherwise."); *see also Bd. of Comm'rs of Stark Cty.*, 206 F. Supp. 2d at 102 (finding a judgment without any equitable relief was "'a judgment for the payment of money' which is governed by Rule 69(a)" not Rule 70).

Considering next Plaintiff's request that Defendant be held in civil contempt, the Court finds contempt inappropriate. Under Rule 70, "[t]he court may also hold the disobedient party in contempt." Fed. R. Civ. P. 70(e). This relief is limited to the context of the Rule, "Enforcing Judgment for a Specific Act," *see generally* Fed. R. Civ. P. 70, and thus for defiance of such orders or judgments of specific acts, *see Breen v. Tucker*, 821 F. Supp. 2d 375, 383 (D.D.C. 2011) (noting that Rule 70(e) is designed to hold a party in contempt for disobeying a lawful order and to compel compliance with said order); *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 103 F. Supp. 23d 1357, 1360 (S.D. Fl. 2015) (citing *Breen*, among others, for the proposition that Rule 70(e) is designed to enforce lawful orders for specific acts); *U.S. Nat'l Bank Ass'n v. Poblete*, 2017 WL 4736712 at *2 (D.D.C. Oct. 19, 2017). Again, although the Court attempted to encourage the efficient payment of judgment by including a seven day time period, this does not render the September 11th Order awarding default judgment a judgment compelling specific conduct. Therefore, Rule 70 is the incorrect vehicle for contempt.

Even broadly construing Plaintiff's request to find Defendant in civil contempt, Plaintiff has not met its burden. "A plaintiff seeking civil contempt must show that '(1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order.'" *N.J. Bldg. Laborers' Statewide Benefit Funds v. Excel Serv. & Const., Inc.*, 2009 WL 3335864, at *2 (D.N.J. Oct. 13, 2009) (quoting *Harris v. City of Philadelphia*, 47 F.3d 1311, 1326 (3d Cir. 1995)) (internal citations omitted); *see also M. Cohen & Sons, Inc. v. Cohen Iron*

*Works, LLC*, 2012 WL 1413525, at *2 (E.D. Pa. Apr. 24, 2012) (applying these three requirements to a motion for contempt pursuant to Rule 70(e)).

Plaintiff has satisfied the first two elements but has not met its burden of "clear and convincing evidence" as to the third. *See Robin Woods Inc. v. Woods*, 28 F.3d 396 (3d Cir. 1994). Plaintiff argues that Defendant is disobedient because "[t]he entire history of this case bespeaks culpable delay on the part of Defendant," amounting to "more than a year of lack of cooperation." (Pl.'s Br. at 12.) While it is true, that the September 11th Order requested prompt payment given the circumstances of the case (*id.*), Judge Bongiovanni's chambers emailed the parties on September 12, 2017 offering assistance, to which Mr. Burhanpurwala, on behalf of Defendant, responded and requested help devising a payment schedule. (Ex. J, ECF No. 23-12.) Defendant then participated in the Court-initiated October 10, 2017 telephone conference regarding payment of the judgment. (Ex. K, ECF No. 23-13; ECF entry dated 10/10/2017.) While it is also true that Defendant did not comply with Judge Bongiovanni's direction following the telephone conference (*see* Ex. L, ECF No. 23-14), this is not the basis for Plaintiff's motion to justify contempt. Moreover, Defendant's previous culpable delay caused by the failure to obtain counsel, which the Court found at default judgment (Op. at 6, ECF No. 21; Pl.'s Br. at 13), is not persuasive at this stage. It appears that Defendant has now obtained counsel (*see* Ex. F, ECF No. 23-9 (communications indicating that Mr. Joseph Boyan, Esq. represents Defendant); Ex. K, ECF No. 23-13 (letter indicating Mr. Boyan was present at telephone conference)), consistent with the repeated advice of the Court, Judge Bongiovanni, and opposing counsel (*see, e.g.*, Op. at 4).

Good faith is not a defense to civil contempt, and thus willfulness is not a necessary element. *Robin Woods Inc.*, 28 F.3d at 399 (citing *Harley-Davidson, Inc. v. Morris*, 19 F.3d 142,

148–49 (3d Cir. 1994); *M. Cohen & Sons, Inc.*, 2012 WL 1413525, at *2. It is still, nonetheless, relevant to show that the defendant has taken reasonable steps to comply with a particular order. *See Harris*, 47 F.3d at 1324. Considering the September 11th Order on which Plaintiff bases relief, Defendant has made steps toward compliance, Defendant has not blatantly disobeyed or disregarded the Court, and only two months have lapsed since Defendant's last appearance or communication with the Court. *Cf. Tung v. Lu*, 2013 WL 271895, at *1 (E.D. Pa. Jan. 24, 2013) (finding Rule 70(e) contempt warranted where "[t]hroughout the several years of this case [the defendant] has taken extraordinary efforts to not only ignore valid court orders, but to evade contact with this case in its entirety"). Defendant's conduct evidences efforts to comply with the September 11th Order, not blatant disobedience. On balance, contempt is not justified at this juncture. The Court encourages participation with the efforts initiated by Judge Bongiovanni to satisfy judgment from the September 11th Order; otherwise, Plaintiff's writ of execution is the appropriate remedy.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is denied. An appropriate Order will follow.

Date: 1/4/18

ANNE E. THOMPSON, U.S.D.J.

5